UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| VICTOR ZAMBRANO,<br><br>    Plaintiff,<br><br>v.<br><br>LINDA SCOTT,<br><br>    Defendant. | CIVIL ACTION NO. 5:24-cv-336-KKC<br><br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Defendant Linda Scott's Motion for Attorney Fees. (DE 7.) Now that this motion has been fully briefed, this issue is ripe for the Court's review.

Plaintiff Victor Zambrano ("Zambrano") originally filed this action in Woodford Circuit Court and then removed to this Court. (DE 1.) Defendant Linda Scott ("Scott") subsequently filed a motion to remand, arguing that a plaintiff is not entitled to remove his action to federal court. (DE 3.) In granting the motion to remand, the Court explained that federal courts uniformly agree that a plaintiff in a state court action cannot remove the action to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*."); *Biegon v. City of Dallas*, No. 22-10075, 2022 WL 3098241, at *1 (5th Cir. Aug. 4, 2022) ("[N]either 28 USC § 1441 nor 28 USC § 1443 authorizes a plaintiff to remove a case to federal district court. The right of removal is only granted to a defendant."); *Montero v. Tulsa Airport Improvements Tr.*, 770 F. App'x 439, 440 (10th Cir.

1

2019) ("Section 1404(a) authorizes a federal district court to transfer a case on its docket to another federal district court; this section does not allow a state court to transfer a case to federal court . . . Section 1441 does permit removal of a case from state court to federal court. But a plaintiff like Mr. Montero cannot remove the case."); *Shabazz v. King*, No. 1:24-CV-00488, 2024 WL 1210071, at *1 (N.D. Ohio Mar. 21, 2024) ("Additionally, it is equally well established that federal courts have uniformly ruled that removal is only available to a defendant or defendants.") *See also First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002) ("As the statutory language makes plain, only 'the defendant or the defendants' may remove under § 1441(a)."); *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) ("In *Pulaski*, the third-party defendant attempted to remove a complaint under section 1441, which only permits removal by 'the defendant or defendants.' Construing this language narrowly, we held that the statute did not provide a basis for removal by a third-party defendant.").

Now, Scott asks for attorney fees pursuant to 28 U.S.C. § 1447(c), claiming that Zambrano's improper removal resulted in unnecessary and unreasonable costs. (DE 7-1 at 1-2.) Scott's attorney, Kevin T. Duncan, filed an affidavit alongside the motion and asserted that the total costs incurred to address the removal was $3,939.84. (DE 7-2 at 3.)

A court must decide if the removing party lacked an "objectively reasonable basis" for seeking removal when considering whether to award attorney fees pursuant to § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* at 141.

Zambrano attempts to argue that he had an objectively reasonable basis because the state court "ordered the case be transferred to federal court and that the undersigned counsel was

2

instructed by that state court to file a notice of removal." (DE 10 at 1.) Thus, Zambrano asserts that his removal was objectively reasonable because he was following the instructions of the state court. (*Id.*) While the Court is inclined to agree that the state court's opinion is somewhat confusing in its approach to removal procedure, claiming that it "instructed [Zambrano] . . . to file a notice of removal" is not exactly accurate. The state court does not instruct Zambrano to do anything. In reality, the state court appeared to assume that it could by its own power transfer the action to federal court rather than dismissing it. It, however, cites no authority supporting the proposition that state courts can unilaterally transfer a case to federal court.

Here, it is clear that there was no objectively reasonable basis for Zambrano to seek removal to federal court and that no unusual circumstances warrant a departure from that rule. Regardless of how Zambrano interpreted the state court's order, a cursory search into removal procedure would show that plaintiffs are **not** entitled to remove their case to federal court. Statute and case law are consistent that this procedural right is reserved for the defendant.

Moving to the question of the amount of attorney fees, the Court finds that the requested attorney fees of $3,939.84 is reasonable under the lodestar standard. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *Graceland Fruit, Inc. v. KIC Chemicals, Inc.*, 320 Fed. App'x. 323, 329 (6th Cir. 2008). Further, Zambrano fails to dispute the amount of the requested attorney fees in his response and the Court will construe that silence as a waiver of any objections to the amount.

Accordingly, the Court hereby ORDERS that Scott's Motion for Attorney Fees (DE 7) is GRANTED, in that Zambrano is DIRECTED to pay Scott $3,939.84 for expenses incurred as a result of the improper removal.

July 2, 2025

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY